UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOAQUIN WHATLEY, (Inmate # 02062251) | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-3088 |
| ED GONZALEZ, | § § § § | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Joaquin Whatley, a pretrial detainee in the Harris County Jail, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging an order of deferred adjudication on a charge of theft between $30,000 and $150,000. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Whatley's petition and all matters of record, the court dismisses his petition. The reasons are explained below.

**I.     Background**

Publicly available records show that Whatley pleaded guilty on June 8, 2022, to one count of theft between $30,000 and $150,000 in Harris County Cause Number 1717006.[1] *See* Harris County District Clerk, available at https://hcdistrictclerk.com (last visited Aug. 23, 2023). The state court entered an order of deferred adjudication in that cause, placing Whatley on two years'

---

[1] Whatley is also charged in Harris County Cause Numbers 1809141 and 1809142 with aggravated assault on a family member. *See* Harris County District Clerk, available at https://hcdistrictclerk.com (last visited Aug. 23, 2023). Those charges remain pending, and Whatley does not raise claims relating to those charges in this petition.

probation. *Id.* Whatley did not appeal the order of deferred adjudication. *See* Texas Judicial Branch Case Search, available at www.txcourts.gov (last visited Aug. 23, 2023). On February 22, 2023, the State filed a motion to adjudicate guilt in Cause Number 1717006. *See* Harris County District Clerk, available at https://hcdistrictclerk.com (last visited Aug. 23, 2023). That motion remains pending. *Id.*

In his current petition, Whatley alleges one claim of ineffective assistance of counsel arising from the entry of his guilty plea and two claims challenging the sufficiency of the evidence to support his plea, all in Cause Number 1717006. (Docket Entry No. 1, pp. 5-8). Whatley alleges that he did not appeal the order of deferred adjudication. (*Id.* at 2). He also alleges that he has not filed any other petitions, applications, or motions concerning this judgment of conviction in any state court. (*Id.* at 3). Instead, he alleges that he filed a petition for "habeas corpus 11.07" with the Clerk of Court for the United States District Court for the Southern District of Texas, Civil Action 4:23-cv-1524. (*Id.* at 6, 12). He alleges that this petition is still pending. (*Id.*). As relief, he asks this court to dismiss the state charges pending against him and order his release from custody. (*Id.* at 15).

**II.     Discussion**

    **A.     Statute of Limitations**

Because Whatley is currently incarcerated, his petition is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), which has a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the "latest of" four accrual dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State

>       action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Whatley's federal petition was filed on a standard form petition that set out the AEDPA limitations provision and gave him notice of the deadline and an opportunity to explain why his petition was not time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (requiring the court to assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a *pro se* petition as barred by limitations). Whatley did not answer the timeliness question on the form petition. (Docket Entry No. 1, p. 13). While the limitations period is an affirmative defense, a federal court may raise the issue on its own when it is apparent that the petition is time-barred. *See United States v. Castro*, 30 F.4th 240, 245 (5th Cir. 2022) (citing *Day*, 547 U.S. at 209).

Whatley's AEDPA limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A deferred-adjudication order is a "judgment" for purposes of AEDPA. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Because that order qualifies as a judgment, "the statute of limitations for a federal habeas application raising claims that address [a] deferred adjudication begins to run when [the] deferred-adjudication order becomes final, whether or not he is later convicted and sentenced." *Tharpe v. Thaler*, 628 F.3d 719, 723 (5th Cir. 2010).

The claims in Whatley's current petition attack the validity of the guilty plea that resulted

3

in the entry of the deferred-adjudication order in Cause Number 1717006. That order became final for purposes of federal habeas review on July 8, 2022, the date when Whatley's time to file an appeal expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a state prisoner does not seek direct review, the conviction becomes final for purposes of § 2244 at "the expiration of the time for seeking such review"); *see also* Tex. R. App. P. 26.2 (an appeal is perfected when the notice of appeal is filed within 30 days after the sentence is imposed). Under § 2244(d), the deadline for Whatley to file a timely federal habeas petition to challenge the deferred-adjudication order was one year later, on July 8, 2023. But Whatley did not file his federal habeas petition until August 22, 2023—more than a month late. His petition is time-barred unless another exception applies.

The pendency of the State's motion to adjudicate guilt in Cause Number 1717006 does not extend the limitations period for the claims relating to the deferred-adjudication order. The Fifth Circuit has held that a deferred-adjudication order and a later conviction and sentence on revocation "involve two different judgments for AEDPA purposes." *Tharpe*, 628 F.3d at 724 (cleaned up). Because the deferred-adjudication order and judgment on revocation are different judgments, "we are dealing with two separate and distinct limitations periods under the AEDPA," and "the limitations period applicable to claims arising from entry of the deferred-adjudication order begins to run upon that order becoming final, regardless of any later judgment of conviction and sentence." *Id.*

All the claims in Whatley's federal petition arise from the entry of the deferred-adjudication order. Under *Tharpe*, the limitations period for those claims began to run when that order became final on July 8, 2022. The subsequent motion to adjudicate guilt did not revive the limitations period for claims arising from the deferred-adjudication order. Whatley's claims

4

arising from events leading to the deferred-adjudication order are time-barred, requiring that his petition seeking federal habeas relief be dismissed.

### B. Exhaustion

Even if Whatley's petition was timely as to claims arising from the deferred-adjudication order, his petition would be dismissed because he did not exhaust his state remedies. "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Exceptions exist only when there is no available State corrective process or when that state process is ineffective to protect the petitioner's rights in his particular circumstances. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust state remedies under § 2254(b)(1)(A), a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore v. Quarterman*, 454 F.3d 484, 491 (5th Cir. 2006) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a judgment by: (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) filing a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of

either state direct appeal or post-conviction collateral proceedings.").

Publicly available records and Whatley's own petition show that he has not presented the substance of his federal habeas claims to the Texas state courts. Whatley alleges in his petition that he did not appeal from the deferred adjudication order. (Docket Entry No. 1, p. 2). Publicly available records show that Whatley has not filed a state habeas petition in any state court. *See* Texas Judicial Branch Case Search, available at www.txcourts.gov (last visited Aug. 23, 2023). Whatley's petition refers to a "habeas petition 11.07" that he filed in this court—not the state court. *See Whatley v. Gonzalez*, Civil No. 4:23-cv-1534 (S.D. Tex. May 31, 2023). That petition, filed in federal court, did not present his claims to state court. In addition, that petition was dismissed on May 31, 2023, based on Whatley's failure to exhaust his state remedies. *Id.* This previously filed federal petition did not exhaust Whatley's state-court remedies.

Whatley has not presented his claims arising from the deferred-adjudication order through one complete cycle of state direct appeal or state collateral proceedings. Because he has not exhausted his state remedies, his federal petition would be dismissed for lack of exhaustion had it been timely filed.

### C. Challenge to the Pending Proceedings to Adjudicate Guilt

To the extent that Whatley is challenging the proceedings arising from the State's pending motion to adjudicate guilt in Cause Number 1717006, his petition must be dismissed because a state pretrial detainee may not use a federal habeas petition to interfere with the "the normal functioning of a state's criminal processes." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). To avoid interference with pending state criminal proceedings, federal habeas relief is not available to "dismiss an indictment or otherwise prevent a prosecution." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Whatley's petition asks this court to dismiss the charges against him and order his release from custody. (Docket Entry No. 1, p. 15). Because the relief Whatley seeks is not available in a federal habeas proceeding, his petition must be dismissed.

### III.     Certificate of Appealability

Whatley has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the court should issue a certificate of appealability when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Whatley has not made the necessary showing. The court denies a certificate of appealability.

### IV.     Conclusion

Whatley's petition filed under 28 U.S.C. § 2241 is **dismissed with prejudice**. Any pending motions are denied as moot. An order of dismissal is separately entered. A certificate of appealability will not be issued.

SIGNED at Houston, Texas on August 28, 2023.

_____
Lee H. Rosenthal
United States District Judge